

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 13, 1975

The Honorable A. R. Schwartz
Senate Chamber
State Capitol Building
Austin, Texas 78711

Dear Senator Schwartz:

Opinion No. H- 551

Re: Whether legislators are
prohibited from accepting
certain honorariums under
section 36.08, Penal Code

Section 36.08 of the Penal Code prohibits gifts to public servants under certain circumstances.

You have asked:

> [W]hether an honorarium paid [to a legislator] by
> an organization for participation in a program of
> that organization would be a prohibited gift or
> legitimate fee.

Without knowledge of the facts of the particular situation it is not possible to determine whether certain conduct constitutes a violation of law. However, a review of the applicable statutes may be of assistance in helping to make such a determination as to the propriety of particular conduct.

Section 36.08 of the Penal Code provides in pertinent part:

> (f) A public servant who is a member of . . . . the
> legislature . . . commits an offense if he solicits,
> accepts, or agrees to accept any benefit from a person
> the public servant knows is interested in any matter
> pending before or contemplated by the legislature or
> an agency of the legislature.
>
> (g) An offense under this section is a Class A
> misdemeanor.

p. 2475

"Benefit" is defined in section 1.07(a)(6) of the Penal Code as:

> . . . anything reasonably regarded as
> economic gain or advantage, including benefit
> to any other person in whose welfare the bene-
> ficiary is interested.

"Person" means an individual, corporation or association. Penal Code sec. 1.07(a)(27).

The Penal Code provisions prohibiting gifts to public servants were adopted without substantial change on the recommendation of the State Bar Committee on Revision of the Penal Code. The Practice Commentary in Vernon's Annotated Penal Code, based upon the State Bar Committee's comments which were presented with the proposed Penal Code, explains the purpose of these provisions as follows:

> Although a gift to a public servant who may make an
> official decision affecting the donor may be innocent,
> it casts grave doubts on the integrity of the govern-
> mental process. It may even be a bribe in which an
> agreement simply cannot be proven. This section,
> therefore, prohibits such gifts to ensure governmental
> integrity and to penalize the unprovable bribe . . . [T]he
> offense applies only if the public servant knows that the
> donor is or may become interested in his or his agency's
> official action. Gifts from disinterested citizens are
> not covered.
>
> Because of the broad definition of 'benefit' in
> Section 1.07, the offense covers more than gifts of money,
> property, or vacations. Benefits such as employment or
> an investment opportunity, either for the official or a
> member of his family, are included.
>
> Practice Commentary, Vernon's Annotated Penal Code
> § 36.08 at 25.

Section 36.10 of the Penal Code sets out defenses to prosecution under section 36.08. It provides:

It is a defense to prosecution . . . that the benefit involved was:

(1) a fee prescribed by law to be received by a public servant or any other benefit to which the public servant is lawfully entitled;

(2) a gift or other benefit conferred on account of kinship or a personal, professional, or business relationship independent of the official status of the recipient;

(3) a trivial benefit incidental to personal, professional, or business contacts that involves no substantial risk of undermining official impartiality; or

(4) a contribution made under the election laws for the political campaign of an elective public servant when he is a candidate for nomination or election to public office.

The commentary to section 36.10 explains the defense relating to lawful fees and benefits:

Subdivision (1) exempts fees prescribed by law and compensation earned by the recipient in an unofficial capacity, for example. The conflict of interest that may exist when a public official is employed in an unofficial capacity by someone with a pecuniary interest in his official acts can be handled more appropriately by comprehensive conflict-of-interest statutes than by criminal sanctions. See, e.g., [V. T. C. S.] art. 6252-9b.

Practice Commentary, Vernon's Annotated Penal Code § 36.10 at 27-28.

An honorarium about which you inquire, is sometimes defined as a payment or reward, usually in recognition of services on which custom or propriety forbids any fixed business price to be set. Webster's New International Dictionary, p.1196 (2nd ed.). It may be a free gift or gratuitous payment, as distinguished from hire or compensation for service. Black's Law Dictionary, p.869 (4th ed.). And see Attorney General Opinion C-523 (1965). The term also has been defined to include a fee for professional services. Oxford English Dictionary (compact ed.) p. 1326; Random House Dictionary of the English Language, p. 682. Thus, the word is commonly used to embrace both the concept of gift and of compensation. Compare e.g., Bogardus v. Commissioner of Internal Revenue, 302 U.S. 34 (1937) with Bogardus v. Commissioner of Internal Revenue, 88 F. 2d 646 (2d Cir. 1937). The circuit court decision in Bogardus was reversed by the Supreme Court.

Payment or receipt of an honorarium could establish the "benefit" element of the offense. Whether a defense exists, such as the "benefit to which the public servant is lawfully entitled" defense found in section 36.10(1), will depend in large part on the nature of the particular "honorarium." If it is a professional fee, for example, the defense may well be applicable. If, on the other hand, the "honorarium" represents a gift or gratuitous payment, a prudent legislator would be advised to be prepared that some other defense applied, e.g., that the honorarium was conferred on account of kinship or a personal, professional, or business relationship independent of the official status of the recipient. Absent proof of such a defense, the offense might be established.

Your question is phrased in terms of acceptance of an honorarium. Whether the offense is established will always depend on the nature of the honorarium which involves a question of fact.

However, in answer to your question, it is our opinion that under some circumstances a conviction under section 36.08 for receiving an honorarium could be sustained. Whether acceptance of a particular honorarium will constitute the offense will depend in large part on the nature of the honorarium, e.g., whether it is a gratuitous payment or a professional fee.

## SUMMARY

Depending on the circumstances, receipt by
a member of the Legislature of an honorarium,
may be a gift prohibited under section 36.08,
Texas Penal Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg